IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOM RUTLEDGE,

    Petitioner,               No. CIV S-08-2576 DAD P

   vs.

UNKNOWN,

    Respondent.             <u>ORDER</u>

_____/

      Petitioner, a state prisoner proceeding pro se, filed two letters with the court inquiring about the one-year statute of limitations for the filing of a federal petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). No other pleadings had been filed by the petitioner. Nonetheless, out of an abundance of caution, the Clerk of the Court opened a habeas action based upon the filings.

      The court advised petitioner that, in order to proceed with a federal habeas action, he must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). The court also advised petitioner that, assuming he wished to challenge his judgment of conviction, the statute of limitations typically begins to run ninety days after the California Supreme Court's

1

1  order disposing of his petition for review.  28 U.S.C. § 2244(d)(1)(A).  However, "[t]he time
2  during which a properly filed application for State post-conviction or other collateral review with
3  respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA
4  statute of limitations.  28 U.S.C. § 2244(d)(2).  Petitioner indicated in his letters that he was
5  currently pursuing a second round of state habeas petitions.  The court cautioned petitioner that if
6  he was concerned about the AEDPA statute of limitations and its application to his claims, he
7  could file a "mixed" petition containing both exhausted and unexhausted claims, together with a
8  request for a stay and abeyance in order to allow him to exhaust his unexhausted claims.

9    In accordance with the court's order, petitioner has filed a "mixed" petition,
10 together with a request for a stay and abeyance.  He has also filed an application to proceed in
11 forma pauperis.

12   In his petition, petitioner now makes clear that he is challenging a judgment of
13 conviction entered in the Alameda County Superior Court.  While both this Court and the United
14 States District Court in the district where petitioner was convicted have jurisdiction, see Braden
15 v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary
16 for the resolution of petitioner's application are more readily available in Alameda County.  Id. at
17 499 n.15; 28 U.S.C. § 2241(d).

18   Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that:
19   1.  This court has not ruled on petitioner's application to proceed in forma
20 pauperis (Doc. No. 7); and
21   2.  This matter is transferred to the United States District Court for the Northern
22 District of California.
23 DATED: December 16, 2008.

               _____
               DALE A. DROZD
DAD:9              UNITED STATES MAGISTRATE JUDGE
rutl2576.108

2