IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS RUTLEDGE, | ) | No. C 08-5738 MMC (PR) |
| Petitioner, | ) ) | **ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME; DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | ) ) | |
| DOMINGO URIBE, JR., Warden, | ) ) | |
| Respondent. | ) | (Docket Nos. 36, 37) |
| _____ | ) | |

GOOD CAUSE APPEARING, respondent's motion for an extension of time to file a response to the petition is hereby GRANTED. Respondent shall file a response to the petition no later than **June 27, 2011.** Within **thirty** days of the date such answer or motion is filed, petitioner shall file with the Court and serve on respondent any traverse or opposition thereto. If respondent files a motion to dismiss, respondent shall file a reply to petitioner's opposition within **fifteen** days of the date such opposition is filed.

Petitioner has moved for the appointment of counsel to assist him in presenting his claims. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition;

1 consequently, the interests of justice do not require appointment of counsel and petitioner's
2 motion is hereby DENIED.  Should the circumstances change materially at a later stage of
3 the litigation, the Court will reconsider this decision sua sponte.

4     This order terminates Docket Nos. 36 and 37.

5     IT IS SO ORDERED.

6 DATED: April 29, 2011

7                             MAXINE M. CHESNEY
                            United States District Judge