IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS RUTLEDGE, | ) | No. C 08-5738 MMC (PR) |
| Petitioner, | ) ) | **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING PETITIONER'S MOTION "TO GRANT PETITIONER'S WRIT OF HABEAS CORPUS"** |
| v. | ) ) | |
| DOMINGO URIBE, JR., Warden, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | (Docket Nos. 43, 45) |

On October 29, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court ordered respondent to show cause why the petition should not be granted, or alternatively, to file a motion to dismiss. Respondent has filed an answer to the petition, and petitioner has filed a traverse. Consequently, the petition is deemed submitted, and a decision on the merits will be filed in a separate order.

Now pending before the Court is: (1) petitioner's motion for appointment of counsel; and (2) petitioner's "motion to grant petitioner's writ of habeas corpus."

1.  Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel to represent him in this action. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas

petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition, and the interests of justice do not otherwise require the appointment of counsel. Accordingly, petitioner's motion for appointment of counsel will be denied.

2. "Motion to Grant Petitioner's Writ of Habeas Corpus"

In addition to the above motion, petitioner has filed a motion asking the Court to grant his petition, on the asserted ground respondent failed to comply with the Court's deadline for filing an answer to the petition. By its order of April 29, 2011, the Court extended to June 27, 2011 the deadline by which respondent was required to respond to the petition. Respondent filed an answer to the petition on that date. Accordingly, the answer was timely filed, and the motion will be denied.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for appointment of counsel is hereby DENIED.

2. Petitioner's "motion to grant petitioner's writ of habeas corpus" is hereby denied.

This order terminates Docket Nos. 43 and 45.

IT IS SO ORDERED.

DATED: December 14, 2011

_____
MAXINE M. CHESNEY
United States District Judge

2