IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RUTLEDGE, | No. C 08-5738 MMC (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY; DIRECTIONS TO CLERK** |
| v. | |
| J.N. KATAVICH, Warden, | |
| Respondent. | |

Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Thomas Rutledge, challenging the validity of a judgment obtained against him in state court.[1] Respondent has filed an answer to the petition, and petitioner has filed a traverse.

**I. PROCEDURAL HISTORY**

On June 28, 2007, in Alameda County Superior Court, petitioner pled no contest to attempted robbery (Cal. Pen. Code §§ 664/211) and admitted having sustained two prior serious felony convictions (Cal. Pen. Code § 667(a)) and one prior strike conviction (Cal.

---

[1] Petitioner initially named R.E. Barnes, former warden of California Correctional Center – Susanville, as the respondent in this action. Petitioner later notified the Court he had been transferred to Wasco State Prison. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, J.N. Katavich, the current warden of Wasco State Prison, is hereby SUBSTITUTED as respondent in place of petitioner's prior custodian.

Pen. Code § 667(e)(1)).  (Ex. 1.)[2]  The plea was entered pursuant to a negotiated plea bargain with an agreed upon sixteen-year prison term.  (Id.)  The superior court sentenced petitioner to sixteen years in state prison on September 10, 2007.  (Pet. at 2.)

On September 27, 2007, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court, which was denied on October 1, 2007.[3]  (Exs. 2-3.)

On October 18, 2007, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court, which was denied on October 22, 2007.  (Exs. 5-6.)

On November 1, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on November 8, 2007.  (Ex. 18.)

On December 14, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on June 11, 2008.  (Exs. 23-24.)

On January 3, 2008, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court, which was denied on January 8, 2008.  (Exs. 7-8.)

On March 17, 2008, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court, which was denied on April 3, 2008.  (Ex. 9-10.)

On April 16, 2008, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court, which was denied on May 21, 2008.  (Exs. 11-12.)

On June 2, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on June 12, 2008.  (Ex. 19.)

On August 7, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on January 28, 2009.  (Exs. 25-26.)

On August 28, 2008, petitioner filed a petition for writ of habeas corpus in Alameda

---

[2] Unless otherwise specified, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

[3] Before entering the plea, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court, which was denied on June 25, 2007.  (Ex. 4.)  Before he was sentenced, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on July 26, 2007, after which he filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on September 12, 2007.  (Exs. 17, 21 & 22.)

2

1  County Superior Court, which was denied on September 25, 2008.  (Exs. 13-14.)

2  On October 29, 2008, petitioner filed in the United States District Court for the Eastern District of California the initial petition in the instant action.  Thereafter, the petition, which included both exhausted and unexhausted claims, was transferred to this district.  Petitioner then sought and was granted a stay while he returned to state court to exhaust his unexhausted claims.

On November 7, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on January 28, 2009.  (Exs. 27-28.)

On February 23, 2009, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court, which was denied on April 6, 2009.  (See Ex. 16.)

On April 3, 2009, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court, which was denied on May 22, 2009.  (Exs. 15-16.)

On April 24, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on April 30, 2009.  (Ex. 20.)

On May 8, 2009, petitioner filed a petition for review in the California Supreme Court, which was denied on June 10, 2009.  (Exs. 29-30.)

Thereafter, this Court, by order filed October 19, 2010, granted petitioner's request to reopen the instant action, on the ground his claims were now exhausted.  By that same order, the Court directed petitioner to file an amended petition that contained all of his exhausted claims.  Petitioner then filed an amended petition ("Pet."), after which respondent filed an answer and petitioner filed a traverse.

## II.  DISCUSSION

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on

3

the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Additionally, habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect on the verdict." Penry v. Johnson, 532 U.S. 782, 796 (2001) (internal quotation and citation omitted).

A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." Williams, 529 U.S. at 405-06. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Section 2254(d)(1) restricts the source of clearly established law to the Supreme Court's jurisprudence. "[C]learly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Id. at 412. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003).

4

B.     Petitioner's Claims

Petitioner asserts the following grounds for relief: (1) violation of petitioner's right to a jury, based on imposition of an upper term sentence; (2) ineffective assistance of counsel; (3) violation of the Ex Post Facto Clause, based on reduced sentencing credits; and (4) violation of the Ex Post Facto Clause, based on sentencing enhancements for prior convictions. The Court addresses each claim in turn.

1.     Imposition of Upper Term and Right to Trial by Jury

As part of his negotiated plea, petitioner agreed that he would receive the upper term of three years for the attempted robbery and that, pursuant to California Penal Code section 667(e)(1), one of his prior convictions would be used to double the term from three to six years. (Ex. 1 at 2.)[4] Citing Cunningham v. California, 549 U.S. 270 (2007), petitioner claims imposition of the upper term violated his right to a jury trial. (Pet. at 6, 8-10.)

In Cunningham v. California, 549 U.S. 270, 288-89 (2007), the Supreme Court held California's determinate sentencing law ("DSL"), which authorized a judge, rather than a jury, to find facts exposing a defendant to an enhanced sentence, violated a defendant's Sixth Amendment right to trial by jury.[5] In so concluding, the Supreme Court relied on its previous decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. In Apprendi, the Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved

---

[4] Pursuant to California Penal Code section 667(a)(1), petitioner also agreed to two five-year enhancements for the two prior convictions, to be served consecutive to the six-year term, for a total of 16 years in state prison. (Ex. 1 at 2.)

[5] At the time Cunningham was decided, the California DSL, pursuant to former California Penal Code section 1170, provided for a determinate sentencing scheme comprised of a lower, middle and upper term, with a required imposition of the middle term unless the trial court found aggravating or mitigating factors. On March 30, 2007, in response to the Supreme Court's suggestion in Cunningham that California could cure any constitutional defect in section 1170(b) by leaving the selection of an appropriate sentence to the judge's discretion, Cunningham, 549 U.S. at 293-94, the California Legislature enacted Senate Bill 40, which amended section 1170(b). See Cal. Stats. 2007, ch. 3 (S.B. 40), § 3, eff. Mar. 30, 2007; Butler v. Curry, 528 F.3d 624, 630 n.5 (9th Cir. 2008) (acknowledging section 1170(b)'s amendment). Under amended section 1170(b), a trial court still exercises its discretion in selecting among the upper, middle or lower terms, but no additional factfinding is required to impose an upper or lower term. See Butler, 528 F.3d at 652 n.20.

5

beyond a reasonable doubt." 530 U.S. at 490.

In this case, however, petitioner, in his plea agreement, explicitly waived any right to a jury trial on such aggravating factors. Specifically, paragraphs six and seven of the agreement, each of which petitioner initialled, state:

> 6. I understand that I have the right to a jury or court trial as to any sentencing factors that may be used to increase my sentence on any count, sentencing enhancement, or allegation to the upper or maximum term provided by law.
>
> 7. I hereby waive and give up my right to a jury or court trial on any sentencing factors and consent to the judge determining the existence of any sentencing factors within the judge's discretion as allowed by existing statutes and Rules of Court. I also agree this waiver will apply to any future sentence imposed following the revocation of probation.

(Ex. 2, Attachment at 2.) By agreeing to waive a jury trial on "any sentencing factors that may be used to increase [his] sentence" (ibid.), petitioner waived his right to a jury determination of the factual underpinnings for the upper term. "[N]othing prevents a defendant from waiving his Apprendi rights." Blakely v. Washington, 542 U.S. 296, 310 (2004). "When a defendant pleads guilty, the State is free to seek judicialسentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Id.

Accordingly, petitioner is not entitled to habeas relief on this claim.

2.  Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel because his appointed attorneys variously failed to "investigate" an intoxication defense, failed to "confer" with him, allowed him to plead guilty "under duress and under the influence of narcotics," and failed to convey a "counteroffer" to the prosecution. (Pet. at 6, 11-18.) Respondent argues petitioner defaulted such claim because the state courts denied petitioner relief based on a state procedural bar against successive habeas petitions.

Petitioner filed many state petitions – at least seventeen. In its May 21, 2008 order denying one of his petitions, the Alameda County Superior Court summarized petitioner's previous habeas proceedings in the superior court and ordered as follows:

6

> The Petition is DENIED as it is barred by the rule against repetitive and successive petitions, and for abuse of writ. (*In re Miller* (1941) 17 Cal. 2d 734, 735, and *In re Clark* (1993) 5 Cal. 4th 750, 797.)
>
> Prior to his plea in this case, Petitioner had filed a habeas petition on June 12, 2007 alleging ineffective assistance of counsel, which this court denied for failure to exhaust of [sic] remedies available to him, as well as for failing to demonstrate counsel's performance failed to conform to an objective standard of reasonable competence, and failed to show any prejudice.
>
> Since his plea of guilty to attempted robbery, with admission of two prior convictions, Petitioner had filed *five* habeas petitions in this court attacking the conviction and 16 years state prison sentence.
>
> The first post plea habeas petition was filed on September 27, 2007 and Petitioner claimed an error in sentencing, and this court denied that petition. This court also denied the next habeas petition filed on October 18, 2007, which was identical to the one filed in September. This court denied the October habeas petition for failure to state a prima facie case for relief, as well as for abuse of writ. On January 3, 2008 Petitioner filed another habeas petition that claimed ineffective assistance of counsel on various grounds. This court denied the January habeas petition for abuse of writ. Petitioner again filed another habeas petition on March 17, 2008, which was almost identical to the January petition, except that it added two additional "grounds" in which his counsels rendered ineffective assistance. This court reviewed the March habeas petition on the merits and denied it for failure to show that counsels' conduct failed to conform to an objective standard of reasonable competence, and failed to demonstrate prejudice.
>
> The Petition is almost identical to the habeas petition that petitioner filed in March. Petitioner's attempts to relitigate the same claims constitute an abuse of the writ. (*Clark*, *supra*, 5 Cal.4th at p. 797.)

(Ex. 12 at 1-2 (emphasis in original).)

On June 12, 2008, the California Court of Appeal denied petitioner's June 2, 2008 petition for a writ of habeas corpus, on the stated ground that it "will not consider repetitious and piecemeal applications for habeas corpus." (Ex. 19 (citing Clark, 5 Cal. 4th at 767-68).)

On August 7, 2008, petitioner filed his third petition for a writ of habeas corpus in the California Supreme Court. (Ex. 25.) Said petition raised the same claims of ineffective assistance of counsel raised in the instant petition. (See id.) The California Supreme Court denied the petition on January 28, 2009, citing In re Clark, 5 Cal. 4th 750 (1993) (Ex. 26.)

A federal court will not review questions of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Before following the procedural default doctrine, a federal court must determine that the state

7

court explicitly invoked a state procedural bar as an independent basis for its decision. See id. To be adequate, the state procedural bar must be "clear, consistently applied and well-established at the time of the petitioner's purported default." Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation and citation omitted). Unless a prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," federal habeas review of the procedurally defaulted claims is barred. Coleman, 501 U.S. at 750.

When a state procedural bar is applied by a state trial court and relief is summarily denied by the state's higher courts, a federal court looks to the last reasoned state court decision as the basis for the state court judgment. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Here, the state superior court, state court of appeal, and state supreme court all rejected petitioner's ineffective assistance of counsel claims for the reason that they were successive and petitioner had failed to justify the piecemeal presentation of his habeas claims. (Exs. 12, 19, 26.) The state courts' rejection of the claims for a procedural reason requires this Court to determine whether California's procedural bar against successive habeas petitions should be honored. As discussed above, the Court, to make that determination, considers whether the procedural bar is independent and adequate, and if so, whether there is any reason why it should not be deemed dispositive. See Coleman, 501 U.S. at 729, 750.

a. California's Bar on Successive Petitions

The California Supreme Court bars the repetitious presentation of claims already presented in an earlier adjudicated petition where there has been "no change in the facts or the law substantially affecting the rights of the petitioner." In re Clark, 5 Cal. 4th 750, 769-70 (1993); Ex parte Miller, 17 Cal. 2d 734, 735 (1941). The California Supreme Court also

1  bars "newly presented grounds for relief which were known to the petitioner at the time of a
2  prior collateral attack on the judgment." In re Clark, 5 Cal. 4th at 768.

      b.  Independence and Adequacy of Bar on Successive Petitions

    In Coleman, the United States Supreme Court created a conclusive presumption that "there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." Coleman, 501 U.S. at 734-35 (internal quotation and citation omitted). In other words, "if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." Id. at 735.

    The question of whether the application of a procedural rule is independent of federal law is assessed as of the time the state court rejects a claim as procedurally defaulted. See Park v. California, 202 F.3d 1146, 1153 (9th Cir. 2000); see also Bennett v. Mueller, 322 F.3d 573, 582 (9th Cir. 2003) (assessing independence of procedural rule at time California Supreme Court rejected state habeas petition).

    Here, the date the Court considers in determining the independence of the procedural rule is May 21, 2008, the date on which the state superior court imposed the procedural bar against successive petitions by denying petitioner's sixth habeas petition in that court. Said denial was not based on federal law; rather, it exclusively relied on a state procedural bar and did not address the merits of the claims presented. (See Ex. 12.) Thus, in the present case, the procedural bar against successive petitions constituted an independent state ground for the decision. See Coleman, 501 U.S. at 734-35.

    The Court also must determine whether said procedural bar qualified as an adequate state ground for the state court's decision. To be adequate, the state procedural bar cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." Calderon, 96 F.3d at 1129 (internal quotation and citation omitted). In

9

1  that regard, as explained in Bennett, 322 F.3d at 585-86, there is a burden-shifting sequence,
2  with the state bearing the ultimate burden of proving the adequacy of the asserted state
3  procedural bar:

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

Id. at 586. In evaluating adequacy, "any review should be limited to the language of the state court opinions" and should not be "based on a *post hoc* examination of the pleadings and record." Id. at 584.

Here, respondent, in its Answer, has identified petitioner's multiple state habeas petitions, pled the existence of an independent and adequate procedural bar, and provided the California Superior Court's May 21, 2008 denial, the California Court of Appeals June 12, 2008 denial, and the California Supreme Court's January 28, 2009 denial, all of which cite to In re Clark. Respondent thus has "adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense" and shifted the burden to petitioner "to place that defense in issue." Bennett, 322 F.3d at 586; see, e.g., Dennis v. Brown, 361 F. Supp. 2d 1124, 1129 (N.D. Cal. 2005) (holding respondent, asserting and alleging procedural default in answer to petition, "adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense."). Petitioner offers no response whatsoever to respondent's showing, and thus fails to satisfy his burden. Consequently, absent an exception, California's procedural bar against successive petitions will be imposed against petitioner's instant claims alleging ineffective assistance of counsel.

c.      Exceptions to the Procedural Bar

Where, as here, the Court finds an independent and adequate state procedural ground supporting the state court denial of a habeas petition, federal habeas review is barred unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result

in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

The "cause standard" requires the petitioner to show that "'some objective factor external to the defense impeded counsel's efforts' to raise the claim." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule," the Supreme Court has noted that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." Murray, 477 U.S. at 488 (internal quotation and citations omitted).

Next, with respect to the "prejudice" prong, petitioner bears the burden of showing, "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). "To ascertain the level to which such errors taint the constitutional sufficiency of the trial, they must 'be evaluated in the total context of the events at trial.'" See Paradis v. Arave, 130 F.3d 385, 393 (9th Cir. 1997) (quoting Frady, 456 U.S. at 169).

Lastly, the "miscarriage of justice" exception is limited to habeas petitioners who can show, based on "new reliable evidence," that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 324-27 (1995) (quoting Murray, 477 U.S. at 496); see, e.g., Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001) (holding petitioner must establish "factual innocence" in order to show fundamental miscarriage of justice would result from application of procedural default). In particular, petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of [such] new evidence." Schlup, 513 U.S. at 327.

Again, petitioner does not even attempt to show cause and prejudice or a fundamental miscarriage of justice. Nor is there anything in the record to suggest he could make the requisite showing.

11

Accordingly, petitioner is not entitled to habeas relief on this claim.

3.  Limitation on Conduct Credits

Petitioner states he received "reduced goodtime-worktime credits" as a result of his two prior convictions, both of which occurred prior to the passage of California's Three Strikes Law. (Pet. at 6, 19-26.) Under California's Three Strikes Law, "[t]he total amount of credits . . . shall not exceed one-fifth of the total term of imprisonment imposed." Cal. Penal Code § 667(c)(5). Because the instant offense was charged as a second strike, petitioner has been required to serve 80 percent of his sentence, including that part of his sentence attributable to the two five-year enhancements, which, as discussed, were predicated on the prior convictions. (Ex. 1 at 2-3.) Petitioner claims such a sentence violates the Ex Post Facto Clause. U.S. Const., Art. I, § 10, cl. 1. (Pet. at 6, 19-26.)

Petitioner first raised this claim in state court in connection with his fourth petition for habeas corpus to the California Supreme Court, filed November 7, 2008. (Ex. 27 at 3-3G.) The California Supreme Court denied the petition, citing In re Clark. (Ex. 28.) As discussed above, In re Clark stands for the proposition that, absent justification for a failure to present all known claims in a single, timely habeas petition, a successive petition will be denied. Petitioner again fails to demonstrate cause for the procedural default and actual prejudice, or that the failure to consider his claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Nor is there anything in the record to suggest he could make the requisite showing.

Further, a law violates the Ex Post Facto Clause only if it "punishes as a crime an act previously committed, which was innocent when done," "makes more burdensome the punishment for a crime, after its commission," or "deprives one charged with crime of any defense available according to law at the time when the act was committed." Collins v. Youngblood, 497 U.S. 37, 42 (1990) (internal quotation and citation omitted). The application of an enhancement based on a prior conviction is not a violation of the Ex Post Facto Clause. See McDonald v. Massachusetts, 180 U.S. 311, 312-13 (1901) (finding habitual offender statute imposing heavier penalty for habitual criminal goes to "the

12

punishment . . . . for the new crime only"; stating "[t]he statute, imposing punishment on none but future crimes, is not ex post facto"); Nichols v. United States, 511 U.S. 738, 747 (1994) (noting Supreme Court "consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant" (internal quotation and citation omitted)); United States v. Kaluna, 192 F.3d 1188, 1199 (9th Cir. 1999) (holding recidivist statute does not violate Ex Post Facto Clause if it is "on the books at the time the [present] offense was committed" (alteration in original; internal quotation and citation omitted)).

Petitioner's new offense was committed in 2006, several years after the enactment of California's Three Strikes Law in 1994. (Pet. at 11.) Petitioner was charged with two prior convictions, arising, respectively, from a 1983 robbery and a 1994 voluntary manslaughter. (Ex. 1 at 2-3.)[6] His prior convictions would have had no further consequences had he not committed a new offense in 2006. The Three Strikes Law does not alter the punishment for petitioner's prior convictions, but, rather, imposes a harsher penalty for the present offense because petitioner is a recidivist. See McDonald, 180 U.S. at 312-13.

Accordingly, petitioner is not entitled to habeas relief on this claim.

4.      Imposition of Enhancements for Prior Convictions

Petitioner claims that, because California Penal Code section 667(a) "did not exist and was not law" when he committed his prior offenses, imposition of the sentencing enhancements under said law violated the Ex Post Facto Clause. (Pet. at 6A, 27.) Petitioner is incorrect. California Penal Code section 667(a) was enacted in June 1982, prior to the time petitioner committed his prior offenses. California Penal Code sections 667(b)-667(i), which comprise California's Three Strikes Law, went into effect in 1994. See People v. Green, 36 Cal. App. 4th 280, 282 (1995). Further, as discussed above, recidivist statutes do not violate the Ex Post Facto Clause.

---

[6] According to the record, petitioner's 1994 conviction occurred on March 24, 1994 (Ex. 1 at 3), a date 17 days after California's Three Strikes Law was enacted. See Cal. Stats. 1994, ch. 12 (A.B. 971), § 1, eff. Mar. 7, 1994. The record does not indicate when petitioner committed the crime leading to said conviction.

13

Accordingly, petitioner is not entitled to habeas relief on this claim.

C. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. See Rules Governing § 2254 Cases, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, id. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### III. CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is hereby DENIED, and a certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

Additionally, the Clerk is directed to substitute Warden J.N. Katavich on the docket as the respondent in this action.

IT IS SO ORDERED.

DATED: June 5, 2012

_____
MAXINE M. CHESNEY
United States District Judge